**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RICHARD D. MOISE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. GJH-21-943 |
| CCMS II JOHNSON, | * | |
| Defendant. | * | |

***

# MEMORANDUM OPINION

Self-represented plaintiff Richard D. Moise, currently confined at North Branch Correctional Institution in Cumberland, Maryland, filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983 along with a Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1 and 2. Because Moise appears indigent, the Motion for Leave to Proceed in Forma Pauperis shall be granted. For the reasons that follow, the Complaint must be dismissed.

In the Complaint, Moise alleged that CCMMS II Johnson refused to notarize documents Moise wished to send to his attorney in support of his petition for post-conviction relief challenging his state court conviction. ECF No. 1. Moise wished to have the documents authenticated as having been written by him. *Id*., p. 3. He claims that Johnson's refusal to notarize the documents hindered his access to the courts. *Id*. He seeks compensatory damages and injunctive relief. *Id*., pp. 6-7.

The in forma pauperis statute at 28 U.S.C. § 1915(a)(1) permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This Court is mindful of its obligation to liberally construe pleadings from self-represented plaintiffs, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93-94 (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating that a district court may not "conjure up questions never squarely presented."). It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citation omitted). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id.* at 561.

Moise's Complaint fails to meet this standard. While prisoners have a constitutionally protected right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821 (1977)*,*

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis v. Casey*, 518 U.S. 343, 355 (1996).

"Ultimately, a prisoner wishing to establish an unconstitutional burden on his right of access to the courts must show 'actual injury' to 'the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.'" *O'Dell v. Netherland*,

112 F.3d 773, 776 (4th Cir. 1997) (quoting *Lewis*, 518 U.S. at 355). "The requirement that an inmate alleging a violation of *Bounds* must show actual injury derives ultimately from the doctrine of standing, a constitutional principle that prevents courts of law from undertaking tasks assigned to the political branches." *Lewis*, 518 U.S. at 349. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Id*. at 399.

A prisoner claiming he was denied access to the courts must ultimately prove he suffered an actual injury by showing that the defendant's acts hindered his ability to pursue a nonfrivolous legal claim. Conclusory allegations are not sufficient in this regard. *See Wardell v. Duncan*, 470 F.3d 954, 959 (10th Cir. 2006) (denying access to court claim based on allegation that petition for a writ of certiorari had, for unspecified reasons, been dismissed and where plaintiff did not even mention the point on appeal). The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002).

Here, Moise alleges that while represented by counsel in his state post-conviction proceedings, a correctional employee refused to notarize two documents. Even if Moise were allowed to amend the complaint to explain what the documents he intended to file would have said, why he required their notarization, and that they were not frivolous, his claim would still fail as he cannot demonstrate the requisite injury. Moise was not barred from submitting the documents to his attorney or to the court. Moreover, his attorney could have arranged for the documents to be notarized if that was in fact required or even desirable.

Moise is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility,

brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

This case is dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B) (ii) for failure to state a claim and this dismissal constitutes a "strike" under 28 U.S.C. § 1915(g). A separate order follows.

__5/24/2021____________________
Date

/s/____________________________
GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE